THOMAS KEARNEY *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa November 9, 1896.*

1. NOTICES—*certificate of publication of notice must be signed by the publisher or his agent.* A certificate of publication of notice which does not purport to be signed by the publisher or his agent, and which shows on its face that it was not so signed, is of no effect, as it does not comply with the statute. (Rev. Stat. 1874, p. 723.)

2. SPECIAL ASSESSMENT—*sufficient certificate of publication of notice necessary to give court jurisdiction in.* The county court has no jurisdiction to enter a judgment of confirmation of a special assessment without a sufficient certificate of publication of the notice required, and its error in doing so may be availed of on writ of error by a party who was defaulted at the hearing.

WRIT OF ERROR to the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

MAHER & GILBERT, for plaintiffs in error.

Mr. JUSTICE WILKIN delivered the opinion of the court.

This is a writ of error to the county court of Cook county, to reverse a judgment confirming a special assessment by the city of Chicago against property of the plaintiffs in error for the improvement of St. Louis avenue. The judgment below was rendered upon default.

It will be necessary to notice but one ground of reversal insisted upon. The notice of the application for a confirmation of the assessment purports to have been published in the *Chicago Mail.* The certificate is in the usual form, but shows that Joseph R. Dunlop "was and is the publisher of said newspaper," and concludes: "In witness whereof, Joseph R. Dunlop, publisher of said *Chicago Mail,* has signed this certificate this 5th day of January, 1893." The certificate, however, instead of being signed by Dunlop, is signed, "Frank D. Biggs, publisher."

The statute makes it the duty of the commissioners to file a certificate of publication of the notice "in like manner as is required in other cases of publication of notices." Section 1 of chapter 100 (2 Starr & Curtis, p. 1674,) provides: "That when any notice shall be required by law * * * to be published in any newspaper, and no other mode of proving the same is provided, the certificate of the publisher, by himself or his authorized agent, with a written or printed copy of such notice annexed, * * * shall be sufficient evidence of the publication therein set forth." In this case no attempt was made to prove the publication except by the certificate of publication. This certificate does not purport to be signed by the publisher or by his agent. It states, in effect, that the one who signs it as publisher is not, in fact, its publisher. This certificate is of no more force than if it had not been signed at all. Without a proper and sufficient certificate of publication of the required notice the county court was without jurisdiction to enter its judgment of confirmation, and the error in doing so may be properly availed of by the plaintiffs in error, although they were defaulted upon the hearing.

We think, for the reasons stated, the judgment below must be reversed and the cause remanded.

*Reversed and remanded.*